Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

*October 02, 2024*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| vs. § § | CRIMINAL NO. **4:24-cr-00523** |
| § § | SEALED |
| **DIEGO CANDELARIO MOLINA** § § | |

## INDICTMENT

### COUNT ONE
*[21 U.S.C. §963 & 952(a) - Conspiracy to Import a Controlled Substance]*

**THE GRAND JURY CHARGES:**

From on or about October 07, 2019, and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas, the Republic of Mexico and elsewhere, and within the jurisdiction of this court, the defendants,

**DIEGO CANDELARIO MOLINA**

did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree together and with persons known and unknown to the Grand Jury, to commit offenses defined in Title 21, United States Code, Section 952(a), namely, to import a controlled substance, which offense involved a quantity of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, into the United States from the Republic of Mexico, contrary to Title 21, United States Code, Sections 952(a) and 963.

The overall scope of the conspiracy involved five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 963,

960(a)(1) and (b)(1)(H).

# COUNT TWO
## [21 U.S.C. §846 & 841(a)(1): Conspiracy to Possess with Intent to Distribute a Controlled Substance]

From on or about October 07, 2019, and continuing thereafter up to and including the date of this indictment, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

**DIEGO CANDELARIO MOLINA**

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit an offense defined in Title 21, United States Code, §841, namely, to possess with intent to distribute a controlled substance. The overall scope of the conspiracy involved five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii) and 846.

# COUNT THREE
## [21 U.S.C. §952(a): Importation of a Controlled Substance]

From on or about October 07, 2019, in the Southern District of Texas, the Republic of Mexico and elsewhere, and within the jurisdiction of this Court, the defendant,

did knowingly and intentionally, aid, abet and assist others known and unknown to import and cause to be imported into the United States from the Republic of Mexico, a place outside of the United States, a controlled substance. This violation involved five hundred (500) grams or more

of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(H), and Title 18, United States Code, Section 2.

## COUNT FOUR
### [21 U.S.C. §841: Possession with Intent to Distribute a Controlled Substance]

From on or about October 16, 2019, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

**DIEGO CANDELARIO MOLINA,**

did knowingly and intentionally, aid, abet and assist others known and unknown to possess with intent to distribute a controlled substance. This violation involved five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT FIVE
### [21 U.S.C. §952(a): Importation of a Controlled Substance]

From on or about March 25, 2020, through March 27, 2020, in the Southern District of Texas, the Republic of Mexico and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist others known and unknown to import and cause to be imported into the United States from the Republic of Mexico, a place outside of the United States, a controlled substance. This violation involved five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II

controlled substance, all in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(H), and Title 18, United States Code, Section 2.

## COUNT SIX
*[21 U.S.C. §841: Possession with Intent to Distribute a Controlled Substance]*

From on or about March 25, 2020, through March 27, 2020, in the Southern District of Texas and elsewhere, and within the jurisdiction of this Court, the defendants,

did knowingly and intentionally, aid, abet and assist others known and unknown to possess with intent to distribute a controlled substance. This violation involved five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, §§841(a)(1), 841(b)(1)(A)(viii) and Title 18, United States Code, §2.

## NOTICE OF CRIMINAL FORFEITURE
*[21 U.S.C. §853 - Criminal Forfeiture]*

Under Title 21, United States Code, §853, as a result of the commission of the violations of Title 21, United States Code, §841, §846, §952(a) and §963, notice is given that defendants,

**DIEGO CANDELARIO MOLINA**

shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as a result of such violations alleged in Counts One (1) through Six (6) of this Indictment, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations. If, as a result of any act(s) or omission(s) of any or all of the above-listed Defendants, the property subject to forfeiture cannot be located upon the exercise of due diligence, has been placed beyond the jurisdiction of

the Court, has been transferred, sold to, or deposited with a third party, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States of America to seek forfeiture of any other property of the Defendants up to the value of such property, under Title 21, United States Code, §853(p).

A TRUE BILL:

Original Signature on File
FOREPERSON OF THE GRAND JURY

ALAMDAR S. HAMDANI
United States Attorney

By: *Eric D. Smith*
Eric D. Smith
Assistant United States Attorney